**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-30160 |
| Plaintiff - Appellee, | D.C. No. 3:12-cr-05289-RBL-1 |
| v. | |
| BRYAN W. CORBITT, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted November 17, 2014**
Portland, Oregon

Before: CLIFTON, M. SMITH, and HURWITZ, Circuit Judges.

Bryan Corbitt appeals convictions based upon his conditional guilty plea.

Corbitt challenges the district court's denial of his motion to suppress evidence

seized from his computer. Corbitt has waived any argument that he has a

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

reasonable expectation of privacy in the information he provided to his internet service provider, and his claim also fails on the merits. In addition, he has no suppression remedy available under the Stored Communications Act, 18 U.S.C. § 2703(c)(2). Corbitt's conviction is affirmed.

Corbitt waived any argument that he has a reasonable expectation of privacy in the information that he voluntarily gave his internet service provider because he did not raise the issue before the district court. "[J]ust as a failure to file a timely motion to suppress evidence constitutes a waiver, so too does a failure to raise a particular ground in support of a motion to suppress." *United States v. Wright*, 215 F.3d 1020, 1026 (9th Cir. 2000) (internal quotation marks and citation omitted).

In any event, Corbitt's Fourth Amendment claim fails on the merits because he has no reasonable expectation of privacy in the subscriber information he voluntarily provided to a company in the course of a customer relationship. *See Smith v. Maryland*, 442 U.S. 735, 743-44 (1979); *United States v. Forrester*, 512 F.3d 500, 510 (9th Cir. 2007) ("[E]-mail and Internet users have no expectation of privacy" in information "provided to and used by Internet service providers for the specific purpose of directing the routing information.").

Corbitt seeks to have the evidence suppressed under the Stored Communications Act (18 U.S.C. § 2701 *et seq*.), which he claims his internet

service provider violated when it voluntarily turned over his basic subscriber and customer service records to the government. Suppression of the evidence seized is not available as a remedy for a statutory violation of the Act. *See* 18 U.S.C. § 2708; *United States v. Smith*, 155 F.3d 1051, 1056 (9th Cir. 1998). The Act "does not provide an exclusion remedy. It allows for civil damages, *see* 18 U.S.C. § 2707, and criminal punishment, *see* 18 U.S.C. § 2701(b), but nothing more." *Smith*, 155 F.3d at 1056.

The district court did not err in denying Corbitt's motion to suppress.

**AFFIRMED.**

3